UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA TATE ALLEN,

   Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

               /

Case No.  12-11261

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE DAVID R. GRAND

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [14], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]

Before the Court is the Magistrate Judge's Report and Recommendation (R&R) [14], entered on March 14, 2013, recommending that Plaintiff's Motion for Summary Judgment [9] be DENIED, and that Defendant's Motion for Summary Judgment [13] be GRANTED.  Plaintiff filed Objections [15] on March 28, 2013. Defendant filed a Response [16] to these Objections [15] on April 11, 2013.

For the reasons stated below, Plaintiff's Motion for Summary Judgment [9] is DENIED, and that Defendant's Motion for Summary Judgment [13] is GRANTED.

### I. Procedural Background

On October 23, 2008, Plaintiff Allen filed applications for Disability Insurance Benefits (DIB) and Social Security Income (SSI) benefits, alleging a disability onset

date of August 15, 2007. Both applications were denied. Plaintiff filed a timely request for an administrative hearing, which was held on February 18, 2011, before Administrative Law Judge (ALJ) Joseph Donovan, Sr. Plaintiff Allen testified at the hearing, as did vocational expert (VE) Suman Srinivasan and medical expert (ME) Julian Freeman.

On March 16, 2011, the ALJ issued a decision finding that Plaintiff was disabled between November 11, 2007 and May 1, 2009. The ALJ also found that on May 1, 2009 a medical improvement occurred that was related to Plaintiff Allen's ability to work, and that from May 1, 2009 through the date of the decision, Plaintiff had the residual functional capacity (RFC) to perform a significant number of jobs that existed in the national economy. Based on this conclusion, the ALJ found that Plaintiff Allen's disability ended on May 1, 2009.

On February 2, 2012, the Appeals Council denied review of the adverse portions of the ALJ's ruling. March 21, 2012, Plaintiff filed for judicial review of the final decision by this Court.

On July 23, 2012, Plaintiff filed its Motion for Summary Judgment [9], and on October 24, 2013, Defendant filed its Motion for Summary Judgment [13]. The Magistrate Judge issued its R&R [14] on March 14, 2013. Defendant filed Objections [15] on March 28, 2013. Plaintiff filed a Response [16] to these Objections [15] on April 11, 2013.

## II. Factual Background

The R&R [14] contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R [14] in full.

## III. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(c).

A motion for summary judgment is granted under Fed. R. Civ. P. 56(c) when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted).

In reviewing an Administrative Law Judge's ("ALJ") decisions, 42 U.S.C. § 405(g) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243

(6th Cir. 1987). "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405-06 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

## IV. Analysis

In the R&R [14], the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [9] be GRANTED, and that Defendant's Motion for Summary Judgment [13] be DENIED. Specifically, the Magistrate Judge found that substantial evidence supports the Administrative Law Judge's (ALJ) conclusion that Plaintiff Allen was disabled for the closed period from November 7, 2007 through April 30, 2009, but was no longer disabled beginning on May 1, 2009. As such, the R&R [14]

recommends this Court affirm the decision of the Social Security Commissioner pursuant to sentence four of 42 U.S.C. §405(g).

Plaintiff Allen now makes three objections to the R&R [14]. These objections largely follow the three arguments presented in Plaintiff's Motion for Summary Judgment [9] and addressed in the R&R [14]. Plaintiff's objections are addressed in turn below.

### A. The ALJ Failed to Properly Weigh the Medical Source Opinions

#### 1. Dr. Faraj

Plaintiff first objects, arguing that the R&R [14] improperly rejects the opinions of treating physician Dr. Faraj on Mr. Allen's capacity to sit, stand, and walk during an 8-hour workday. Dr. Faraj concluded that Plaintiff Allen could sit for less than 1 hour in an 8 hour workday, and stand and/or walk for 2 hours in an eight hour workday. In contrast, the ALJ concluded that Plaintiff Allen has the RFC to stand for 1 to 2 hours at a time for 4 hours total in an 8 hour day, walk 10-15 minutes at a time for 4 hours total in an 8 hour day, and sit for an unlimited amount of time with an at-will sit/stand option.

As a treating physician, Dr. Faraj's findings must be given controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Blakely v. Commissioner of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)

5

(internal quotations omitted). If the ALJ does not give controlling weight to a treating physician's opinion, the ALJ must document how much weight he gives the opinion and consider several factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. *See Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Plaintiff specifically objects, arguing that the ALJ failed to address each factor within the decision. "While it might be ideal for an ALJ to articulate his reasons for crediting or discrediting each medical opinion, it is well settled that: an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 507-508 (6th Cir. 2006) (internal quotation marks and citations omitted).

Moreover, the ALJ not only addressed some of these factors, but also gave some weight to many other portions of Dr. Faraj's findings. In support of the ALJ's rejection of Dr. Faraj's limitations on sitting, standing, and walking, the R&R [14] notes several parts of the ALJ's decision that show Plaintiff Allen's increased activity level following May 1, 2009. The ALJ found that this increased activity as well as Plaintiff's response to pain medications rendered Dr. Faraj's limitations inconsistent with other substantial evidence on the record.

Plaintiff Allen also objects, arguing that the ALJ inflated Plaintiff's response to pain medications. As the R&R [14] states, the ALJ relied upon substantial evidence, including reports from Dr. Faraj and Dr. Stack, Plaintiff's primary care physician, that show that Plaintiff's pain was well controlled by pain medications. Plaintiff presents some evidence that his pain was at times not controlled by these medications, however this minimal support does not counter the substantial evidence justifying the ALJ's conclusion. As such, Plaintiff's objection here is also unavailing. Therefore, the Magistrate did not err in recommending this Court affirm the ALJ's decision not to give controlling weight to the treating physician, and did not err in finding that Dr. Faraj's restrictions on sitting, standing, and walking were inconsistent with the other substantial evidence.

### 2. Dr. Schell

Plaintiff Allen next objects to the Magistrate Judge's finding that the ALJ did not err in giving no weight to the opinion of treating neurosurgeon Dr. Schell. Dr. Schell found that Plaintiff was "quite disabled" as a result of his back condition. The R&R [14] correctly notes that the finding of disability is an issue reserved to the ALJ, and that a treating physician is never given controlling weight on such an issue. *See* Soc. Sec. Rul. 96-5p, 1996 SSR LEXIS 2, at *1 (July 2, 1996). Moreover, the ALJ did not reject Dr. Schell's opinion solely because it was the treating neurosurgeon's opinions. Instead, the ALJ found that Dr. Schell's conclusion that Plaintiff is disabled

7

was ambiguous and was not supported by Dr. Schell's own records, noting that Dr. Schell had repeatedly found that Plaintiff was doing well after his back surgery. Therefore, the ALJ provided "good reason" for not relying on Dr. Schell's finding as to disability. *See Wilson*, 378 F.3d at 544.

Finally, as in Plaintiff's Motion for Summary Judgment [9], Plaintiff objects to the R&R [14], arguing that the if the ALJ found Dr. Schell's finding of disability ambiguous, then the ALJ had a duty to develop the record. However, as the Magistrate Judge notes, the ALJ has no such duty when the record is otherwise developed. *See* Soc. Sec. Rul. 96-2p, 1996 SSR LEXIS 9, at *10-11 (July 2, 1996) ("Ordinarily, development should not be undertaken for the purpose of determining whether a treating source's medical opinion should receive controlling weight if the case record is otherwise adequately developed.").

Therefore, Plaintiff's first objection concerning the weight given to medical opinions fails.

### B. The ALJ Failed to Properly Evaluate Mr. Allen's Credibility

Second, Plaintiff Allen objects to the Magistrate Judge's finding that the ALJ properly found Plaintiff's testimony lacking in credibility. An ALJ's credibility determination will not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Plaintiff argues that Plaintiff's improvement with pain

8

medication[1] and increased activities, as well as the ALJ's assumption that Plaintiff stopped physical therapy, do not provide sufficient cause to find Plaintiff without credibility.

### 1. Increase in Activity

Plaintiff asserts that Plaintiff's increase in activity is not "so significant that he regained the capacity to perform full-time work on a sustained basis." Certainly, the RFC assigned to Plaintiff does not suggest that Plaintiff may find employment without some restrictions. Plaintiff then argues that the ALJ may not substitute its lay-opinion for that of the treating physician. However, as discussed above, the ALJ did not substitute its opinion, and instead found that certain findings of the treating physicians were inconsistent with other substantial evidence on the record and provided good reason for its own findings. *See supra* at 5-7.

### 2. Physical Therapy

Lastly, Plaintiff argues that the ALJ improperly assumed that Plaintiff stopped attending physical therapy because of an improvement in his condition. The Social Security Administration's Policy Interpretation Rulings provides that:

> ...the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following

---

[1] Evidence concerning Plaintiff's response to pain medication is addressed by the Court above. *See supra* at 7-8.

> the treatment as prescribed and there are no good reasons for this failure. However, the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment.

Soc. Sec. Rul. 96-7p 1996 SSR LEXIS 4, at *21-22 (July 2, 1996).

Even if the ALJ drew some inferences from Plaintiff's failure to further pursue physical therapy treatment, Plaintiff provides no "good reasons" for this failure that may counter the these inferences. Moreover, the ALJ simply states that the "record does not indicate why the claimant ceased physical therapy after March 2010." This statement itself does not suggest that the ALJ drew any meaningful inference from this fact.

Therefore, Plaintiff's second objection to the R&R [14] also fails.

**C. The ALJ Relied Upon Flawed Vocational Expert Testimony**

Plaintiff's third objection argues that because the RFC is incorrect, the VE's reliance on a hypothetical question that is based on this RFC, renders the VE's conclusion improper. However, because Plaintiff has not shown reason to invalidate the ALJ's finding as to the RFC, the hypothetical question and the VE's conclusion are not improper.

## V. Conclusion

For the reasons states above, Plaintiff's Motion for Summary Judgment [9] is DENIED, and Defendant's Motion for Summary Judgment [13] is GRANTED.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [14] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [9] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [213] is **GRANTED**.

**SO ORDERED**.

s/Arthur J. Tarnow  
ARTHUR J. TARNOW  
SENIOR UNITED STATES DISTRICT JUDGE

Dated: September 26, 2013